UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JAMES H. ARCHAMBAULT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:15-cv-00281-WTL-MJD |
| ) | |
| R SHANNON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**Entry Granting Summary Judgment and Directing Final Judgment**

Plaintiff James Archambault is a federal prisoner who was previously confined at the United States Penitentiary in Terre Haute, Indiana. The Court screened his second amended complaint pursuant to 28 U.S.C. § 1915A and determined that Mr. Archambault adequately stated an excessive force claim against each defendant pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), stemming from two alleged assaults. The defendants move for summary judgment on their affirmative defense that Mr. Archambault failed to exhaust his administrative remedies prior to filing this action.

For the reasons explained, the defendants' motion for summary judgment [dkt. 61] is **granted**, and Mr. Archambault's claims are dismissed without prejudice.

**I.
Background**

Mr. Archambault was a federal prisoner when the events alleged in his second amended complaint occurred. During all relevant times he was incarcerated at U.S.P. Terre Haute, and his claims are against six staff members at that facility: R. Shannon, Z. Cochran, B. Basinger, J.S. Gibbens, M. Anderson, and A. Schoeffel. He alleges that the defendants violated his Eighth

1

Amendment rights when they used excessive force against him on October 17, 2013, and February 24, 2014.  Specifically, Mr. Archambault alleges that he was, among other things, kneed in the head, choked, and had a defendant put all his weight on Mr. Archambault's head when he was laying on the ground.

The defendants move for summary judgment as to both of Mr. Archambault's claims.  They argue that these claims are barred under the exhaustion provision of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, that requires a prisoner to first exhaust his available administrative remedies before filing a lawsuit in court.  The defendants present the following undisputed evidence regarding the administrative remedies procedure available to Mr. Archambault.

The Bureau of Prisons ("BOP") had promulgated an administrative remedy system, codified in 28 C.F.R. § 542.10, that was in effect at all times relevant to this case.  The administrative remedy process allows an inmate to seek formal review of a complaint related to any aspect of his imprisonment.  To exhaust his administrative remedies under this process, an inmate must first file an informal remedy request through the appropriate institution staff member (BP-8).  If the inmate is not satisfied with the response to his informal request, he is required to file his complaint with the Warden (BP-9).  *See* 28 C.F.R. § 542.14.  The deadline for completion of these two steps is twenty days following the date on which the basis for the request occurred.  *See* 28 C.F.R. § 542.14(a).

If the inmate is dissatisfied with the Warden's response, he may appeal the decision to the Regional Director (BP-10).  *See* 28 C.F.R. § 542.15.  Finally, if an inmate is dissatisfied with the Regional Director's response, he may appeal to the General Counsel (BP-11).  *See id.*  Once the General Counsel has responded, an inmate has exhausted all of his administrative remedies.

If the inmate reasonably believes the issue over which he complains is sensitive and his safety or well-being would be placed in danger if his complaint became known at the institution, he may submit his initial complaint directly to the Regional Director (BP-10).

All administrative remedy requests filed by inmates are logged in the SENTRY computer database utilized by the BOP to track such requests. This database was used to review Mr. Archambault's administrative filings. Twenty-one administrative remedy requests filed by Mr. Archambault have been accepted during his incarceration with the BOP. As discussed further below, only one of these administrative remedy requests was accepted at the BP-11 Central Office level.

## II.
## Standard of Review

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to this motion for summary judgment is the PLRA, which requires that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; s*ee Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general

3

circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted). Exhaustion of available administrative remedies "'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Id.* at 90 (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo*, 286 F.3d at 1025; *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Because exhaustion is an affirmative defense, "the burden of proof is on the prison officials." *Kaba v. Stepp*, 458 F.3d 678, 680 (7th Cir. 2006). So here, the defendants bear the burden of demonstrating that Mr. Archambault failed to exhaust all available administrative remedies before he filed this suit. *Id.* at 681.

### III.
### Discussion

The parties dispute whether Mr. Archambault complied with the administrative remedy process regarding the two alleged assaults. The defendants maintain that there is no such evidence. First, the defendants argue that the Court should not consider any of the evidence submitted by Mr. Archambault because the documents he submitted are unauthenticated and thus inadmissible and because Mr. Archambault failed to comply with the Local Rules in that his response brief did not contain a "Statement of Material Facts in Dispute" section. Second, the defendants argue that even if the Court considers the evidence submitted by Mr. Archambault, that evidence does not establish that he completed the administrative process through the BP-11 stage regarding either

incident. Each argument is addressed in turn.

First, the Court will not disregard Mr. Archambault's response brief or deem the defendants' statement of facts admitted by Mr. Archambault merely because he did not include the "Statement of Material Facts in Dispute" section mandated by Local Rule 56-1. While it is "well established that pro se litigants are not excused from compliance with procedural rules," *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008), whether the Court holds pro se litigants to the consequences of violating the Court's Local Rules is a matter of discretion, *Gray v. Hardy*, 826 F.3d 1000, 1004-05 (7th Cir. 2016) (holding that district courts are not required to hold pro se litigants to the potential consequences of their failure to comply with the Local Rules and can instead take "a more flexible approach," including by ignoring the deficiencies in their filings and considering the evidence they submit).

Mr. Archambault undoubtedly did not comply with Local Rule 56-1 in any of his submissions to the Court, but a "flexible approach" to compliance with the Local Rules is warranted here. The often harsh consequence for failure to comply with Local Rule 56-1—concession of the defendants' version of events—is inappropriate for this motion given that (1) the issue of exhaustion is a relatively straightforward issue from a factual perspective; and (2) Mr. Archambault's position is clear from his filings in that he simply argues that he did all that was necessary in order to exhaust his administrative remedies. Also weighing in favor of a flexible approach is that the defendants' filings reveal that they clearly understand Mr. Archambault's position and the facts he believe are in dispute; thus the defendants are in no way prejudiced by Mr. Archambault's failure to include a "Statement of Material Facts in Dispute" section in his brief or by any of his other failures to comply with Local Rule 56-1. For these reasons, a flexible approach to Mr. Archambault's compliance with the Local Rules is warranted.

Second, the Court will not base its decision on the fact that Mr. Archambault's documentary evidence is unauthenticated. First, as discussed further below, even if the Court considers this evidence it is insufficient to create a fact issue regarding whether Mr. Archambault exhausted his administrative remedies. Second, although the defendants point out that the documents are unauthenticated, they do not suggest that there is any reason to question their reliability. Indeed, the defendants acknowledge that Mr. Archambault's documents are consistent with their evidence regarding Mr. Archambault's use of the administrative remedy process. Accordingly, the Court will consider Mr. Archambault's documents when examining the merits of the defendants' exhaustion defense.

Regarding the exhaustion defense, there is no dispute that Mr. Archambault was aware of the BOP's administrative remedy process and that the process was available to him. The defendants acknowledge that Mr. Archambault initiated the administrative remedy process regarding both of the alleged assaults. But they maintain that he did not see the process through the BP-11 stage—the final appeal necessary to exhaust one's administrative remedies.

To support their position, the defendants provide evidence that Mr. Archambault has only taken one administrative remedy request through all stages of the administrative remedy process and that request related to missing meals on October 18 and 19, 2014, not the two assaults alleged in the second amended complaint. [*See* dkt. 61-1 at 6; dkt. 61-8.] Moreover, they point to Mr. Archambault's own evidence—documentation regarding administrative remedy #758971 for the assault on October 17, 2013 and #773684 for the assault on February 24, 2014—which shows that his administrative appeals regarding both incidents were rejected for non-compliance with administrative procedures. [*See* dkt. 61-7 at 4.] Specifically, administrative remedy #758971 was rejected at the BP-11 stage multiple times for noncompliance and each rejection provided that Mr.

6

Archambault could resubmit his BP-11 appeal if he cured the identified problems. [*See* dkt. 21-1 at 3 (Rejection Notice on June 12, 2014 setting forth two reasons for rejection of the BP-11 appeal); dkt. 21-1 at 1 (Rejection Notice on August 14, 2014 setting forth one reason for rejection of the BP-11 appeal).] The same is true for administrative remedy # 773684. [*See* dkt. 21-1 at 26 (Rejection Notice on May 9, 2014 setting forth that the BP-10 appeal is untimely); dkt. 21-1 at 15 (Rejection Notice on July 16, 2014 setting forth several reasons for rejection of the BP-11 appeal).]

Mr. Archambault has not submitted any evidence that he cured the procedural deficiencies and submitted compliant BP-11 appeals for either of the alleged assaults. Indeed, Mr. Archambault implicitly acknowledges that he did not successfully submit a BP-11 appeal for either of the alleged assaults when he argues that he only needed to "file" the BP-11 appeals, rather than properly submit them so that they are accepted. [Dkt. 77 at 2; *see also* dkt. 79 at 1-2.] The administrative process that prisoners must follow in order to exhaust their administrative remedies "are defined not by the PLRA, but by the prison grievance process itself." *Maddox v. Love*, 655 F.3d 709, 721 (7th Cir. 2011). The BOP procedures do not require only that the BP-11 is filed, but that it is properly filed such that the Central Office responds to the merits of the appeal. [Dkt. 61-1 at 3.] This requirements makes sense given that one of the purposes of the exhaustion requirement is to "[allow prisons] to address complaints about the program it administers before being subjected to suit." *Maddox*, 655 F.3d at 721 (citations and quotation marks omitted). Mr. Archambault did not allow this to occur when he failed to properly submit his BP-11 appeals regarding either alleged assault.

In sum, the undisputed evidence shows that Mr. Archambault did not exhaust his administrative remedies regarding either of the assaults alleged in his second amended complaint before filing this action. The Seventh Circuit "has taken a strict compliance approach to

7

exhaustion. A prisoner must properly use the prison's grievance process. If he or she fails to do so, the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." *Dole*, 438 F.3d at 809; *see Maddox*, 655 F.3d at 721. This is what occurred here. The consequence of Mr. Archambault's failure to exhaust his administrative remedies, in light of 42 U.S.C. § 1997e(a), is that his claims brought pursuant to *Bivens* must be dismissed without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

## IV.
## Conclusion

For the reasons explained above, the defendants' motion for summary judgment [dkt. 61] is **granted**. Mr. Archambault's claims are **dismissed without prejudice**. Final judgment shall issue accordingly.

The clerk is **directed** to update Mr. Archambault's address consistent with the one in the below distribution.

**IT IS SO ORDERED.**

Date: 10/17/16

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JAMES H. ARCHAMBAULT
03650073
USP Victorville
U.S. PENITENTIARY
Inmate Parcels/Mail
P.O. BOX 3900
ADELANTO, CA 92301

Electronically Registered Counsel